KM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fred Smith,                             ) | No. CV 1-08-1486-RCC |
|     Plaintiff,      ) | **ORDER** |
| vs.                                     ) | |
| Darral G. Adams, et al.,                ) | |
|     Defendants.     ) | |

Plaintiff Fred Smith, who is confined in the California Substance Abuse Treatment Facility, filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 (Doc. #1). This case was reassigned to the undersigned judge on November 25, 2008.

By Order filed February 19, 2009, the Court ordered Defendants Thomas, Gonzalez, Beltran, Flarheny, Smith, Martinez, Holland, Talisman, and Raman to answer Counts One, Two, and Four of the Complaint and dismissed the remaining claim and Defendant without prejudice. The Court also directed Plaintiff to complete and return to the Clerk of Court, within 30 days of the filing date of the screening Order, the Notice of Submission of Documents and a copy of the Complaint for each Defendant, a copy of the screening Order for each Defendant, a completed summons for each Defendant, and a completed USM-285 for each Defendant. To date, Plaintiff has not returned the Notice of Submission and required documents.

On February 24, 2009, Plaintiff filed a Motion to Appoint Counsel (Doc. #14).

Plaintiff states that he is mentally and physically impaired and needs assistance addressing the complex issues in his case.

There is no constitutional right to appointment of counsel in a civil case. See Ivey v. Board of Regents of University of Alaska, 673 F.2d 266 (9th Cir. 1982). The appointment of counsel in a civil rights case is required only when exceptional circumstances are present. Aldabe v. Aldabe, 616 F.2d 1089 (9th Cir. 1980); Wilborn v. Escalderon, 789 F.2d 1328 (9th Cir. 1986). "A finding of exceptional circumstances requires an evaluation of both 'the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved.'" Wilborn, 789 F.2d at 1331 (quoting Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983)). The Court must review both of these factors together in deciding whether or not to appoint counsel. Id.

The Court has reviewed and evaluated the Complaint and finds this action presents no "exceptional circumstances" requiring the appointment of counsel at this time. Plaintiff is in no different a position than other *pro se* litigations who have brought nearly identical claims. Moreover, Plaintiff's previous filings in this action demonstrate his ability to adequately present his claims to the Court. Accordingly, Plaintiff's Motion for Appointment of Counsel (Doc. #14) will be denied. As this case moves closer to trial, the Court may reconsider this issue if the Plaintiff files another motion. However, the Plaintiff is not instructed to file a motion to seek counsel at least until the Court issues a scheduling order in this matter.

**IT IS ORDERED** that Plaintiff's February 24, 2009 Motion for Appointment of Counsel (Doc. #14) is **denied**.

DATED this 5th day of March, 2009.

_____
Raner C. Collins
United States District Judge